# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

**CHRISTOPHER BUCHANAN**                                                         **PLAINTIFF**
**ADC #176655**

**V.**                    **NO. 2:21-cv-00013-DPM-ERE**

**BOBBY MAYE,** *et al.*                                                        **DEFENDANTS**

## ORDER

On February 3, 2021, Plaintiff Christopher Buchanan, an Arkansas Division of Correction inmate, filed this civil rights lawsuit claiming that Defendants, employees of the St. Francis County Detention Center, violated his constitutional rights during his detention at that facility. He claims that several Defendants failed to protect him from an inmate attack on March 5, 202 and that he received inadequate medical care for injuries he sustained during the attack. Pending before the Court is Mr. Buchanan's *fifth* motion to amend his complaint.[1] *Doc. 139*. He seeks to add claims against a new defendant, St. Francis County jailer Greg Gillion. Like his claims against existing Defendants, Mr. Buchanan alleges that Mr. Gillion: (1) knew that he was in danger before the underlying attack occurred but failed to remove

---

[1] Mr. Buchanan has filed multiple motions to amend in this case. See *Docs. 42, 64, 104, 139*.

him from his cell; and (2) failed to provide him medical treatment following the attack.[2]

Rule 15 of the Federal Rules of Civil Procedure provides that at this stage in a case, a party may amend its pleading only with the opposing party's written consent or the court's leave, which should be freely granted "when justice so requires." Fed. R. Civ. P. 15(a)(2). This standard, while liberal, does not give parties "an absolute right to amend their pleadings." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008). The Court may appropriately deny a motion to amend if "there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Id*. (quoting *Moses.com Sec. Inv. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005)).

The Court finds that Mr. Buchanan's allegations against Officer Gillion are related to claims currently pending in this lawsuit. Accordingly, the Court will grant Mr. Buchanan leave to amend but notifies him that absent appropriate circumstances, any future motions to amend will be denied.

---

[2] In his motion, Mr. Buchanan also objects to this Court's previous denial of his motion to amend his complaint to add claims against Officer Gillion. *Doc. 144*. In his previous motion, Mr. Buchanan relied on Officer Gillion's Jail Report to state a constitutional claim against Officer Gillion. Mr. Gillion has now provided additional allegations sufficient to state a plausible claim for relief against Officer Gillion.

IT IS THEREOFRE ORDERED THAT:

1.  Mr. Buchanan's motion to amend (*Doc. 150*) is GRANTED.

2.  The Clerk is instructed to file Mr. Buchanan's motion as a supplement to his amended complaints.

3.  The Clerk is also directed to add Officer Greg Gillion as a named Defendant in this case and to prepare a summons for Defendant Gillion.

4.  Mr. Buchanan has amended his complaint multiple times since he filed this action over one year ago, and the deadlines for discovery and merit-based summary judgment motions are fast approaching.[3] Accordingly, the Court advises Mr. Buchanan that: (1) THE TIME FOR ADDING NEW CLAIMS AND PARTIES HAS PASSED; and (2) absent exceptional circumstances, future motions to amend will be denied.

5.  The Marshal is directed to serve Defendant Gillion with a summons and a copy of the complaint (*Doc. 2*), the amended complaints (*Docs. 13, 64*), and the supplement to his amended complaint, including any attachments, by certified mail, restricted delivery, without requiring prepayment of fees and costs or security.

---

[3] The Court previously set June 15, 2002, as the discovery deadline, and July 15, 2022, as the dispositive motions deadline. *Doc. 138*. Should Defendants require additional time to complete discovery or file dispositive motions (including a dispositive motion raising the issue of exhaustion) based on the addition of claims against Defendant Gillion, they may file the appropriate motion with the Court.

Defendant Gillion should be served through the St. Francis County Jail, 313 South Izard Street, Forrest City, Arkansas 72335.

Dated this 6th day of May, 2022.

_____
UNITED STATES MAGISTRATE JUDGE